BARNEY
v.
DEWEY.

Motion denied.

---

## BARNEY *against* C. DEWEY.

In an action on the case, for falsely affirming that a chattel belonged to the defendant, whereby the plaintiff was induced to buy it, and was, afterwards, evicted by the rightful owner, it is unnecessary to set forth the contract between the parties, or any consideration moving from the plaintiff to the defendant, or the price paid, as that is only a matter relating to the liquidation of damages. Even in the case of a gift, the donor would be liable for a false affirmation as to the title. A recovery from the vendee by the rightful owner, is conclusive evidence against the vendor. If the declaration state, that the vendor gave evidence on the trial of the suit, in which such recovery was had, in favour of the true owner of the chattel, this is tantamount to an averment of notice of the pendency of the suit.

THIS was an action of trespass on the case. The declaration contained one count, in which it was stated, that the defendant, on the 1st of *July*, 1811, at the town of *Fort Ann*, in the county of *Washington*, intending to deceive and defraud the plaintiff, did encourage him to buy a certain bay horse, then in the possession of the defendant, of the value of 150 dollars, and falsely, &c., affirmed that the said horse belonged to him, the defendant, and that he had a right to sell and dispose of him as his own, and thereby caused the plaintiff to purchase the said horse, which the defendant delivered as his horse; and that the plaintiff, confiding in the defendant's affirmation, purchased the said horse of him, the said defendant, and satisfied him therefore; whereas, in truth, at the time of the said affirmation and delivery, the defendant was not owner of the said horse, and had no right to sell him, but the horse belonged to one *Thadeus Dewey*, and the defendant well knew the same; and that the said *Thadeus Dewey*, afterwards, brought an action of trover in the common pleas of the county of *Washington*, against the plaintiff, for the value of the said horse; that the plaintiff retained an attorney and two counsel to defend the same; but that, at the *May* term of the said court of common

NEWYORK,
May, 1816.

BARNEY
v.
DEWEY.

pleas, the said *Thadeus Dewey* recovered against the plaintiff 113 dollars and 80 cents damages, and 89 dollars and 16 cents costs and charges, which sums of money the plaintiff has paid and satisfied; that the plaintiff procured the attendance of several witnesses at the said trial; and that the defendant did then swear, in behalf of *Thadeus Dewey*, that the horse did, at the time of delivery, belong to *Thadeus Dewey*, and that he, the defendant, had no right to part with him; by reason of which testimony, the jury found a verdict against the plaintiff. By reason of which false, &c., assertion and affirmation, &c.

To this declaration the defendant demurred specially, and showed, for causes of demurrer, first, Because, it is alleged that the defendant caused, and procured the plaintiff to buy the said horse, by affirming that the said horse belonged to the defendant, without setting forth the contract between the parties, or any consideration moving the plaintiff to buy of the defendant. Second, That no contract was set forth, or that the plaintiff gave the defendant any valuable consideration. Third, Because the plaintiff hath founded his right of action upon the fact of an action brought against him by one *Thadeus Dewey*, for the value of the horse, and his recovery thereof. Fourth, Because the plaintiff hath spread upon the record the proceedings in the action against him by *Thadeus Dewey*, and the testimony given by the defendant therein.

The plaintiff joined in demurrer.

*D. Russel*, in support of the demurrer. He cited *Cro. Eliz.* 292. *Hob.* 69. 77. 41. *Cro. James*, 533. 1 *Cro.* 79. 144. *Doug.* 620. 9 *Johns. Rep.* 291.

*Skinner*, and *Z. R. Shepherd*, contra. They cited 2 *Term Rep.* 345. 5 *Term Rep.* 143. 2 *Wils. Rep.* 319. Lord *Raym.* 909. *Powel on Contracts*, 344, 345. *Rob. on Frauds*, 116. 1 *Camp. N. P. Rep.* 242. 2 *Johns. Rep.* 550. 1 *Chitty's Pl.* 332. 386. 1 *Johns. Rep.* 517. 3 *Term Rep.* 51. 6 *Johns. Rep.* 181. 2 *Caines' Rep.* 216.

SPENCER, J., delivered the opinion of the court. The defendant has demurred, specially, to the declaration, for three causes; 1st. That it does not set forth the contract between the parties; 2d. That it does not state any consideration moving from *Barney* to buy the horse of *Dewey*; 3d. That the plaintiff

founds his right of action on the recovery had against him by a third person; and, 4th. Because the declaration contains the evidence of facts, and not the facts themselves.

None of the objections are well founded. The declaration is not very technically drawn, but it contains every essential requisite; it is a mistake to suppose that the action is founded on a contract; it is for a fraud. Fraud, or deceit, accompanied with a damage, is a good cause of action; and the late Ch. J. said, (in *Upton* v. *Vail*, 6 *Johns. Rep.* 182.,) that this is as just and permanent a principle as any in our whole jurisprudence. It was not requisite to set forth the contract between the parties, or any consideration; it is enough to state the fraud and deceit, and the damages.

Had the defendant given the horse to the plaintiff, affirming him to be his, and had the plaintiff been, afterwards, prosecuted for the horse, and subjected to costs and damages, he might have maintained an action for the fraud and damage.

The fact of a recovery in the action against the plaintiff, by *Thadeus Dewey*, on the ground that the horse was not the property of the defendant, was not only a proper averment in the declaration, but it would be conclusive against the defendant, if proved. (*Blasdale* v. *Babcock*, 1 *Johns. Rep.* 517.) There is no allegation of notice to the defendant of the pendency of the suit brought by *Thadeus Dewey*, but there is an averment of a fact tantamount. It is alleged, that the defendant was a witness on that trial, and proved, himself, that he did not own the horse when he sold him to the plaintiff. With respect to the omission to state the price paid for the horse, it is only a matter relating to the liquidation of damages; and it is a principle that, after showing a right to damages, it is matter proper for the jury, and is not necessary to be shown to the court in the first instance. (1 *Chitty's Pl.* 296.)

I perceive no substantial, or even formal, objection to the declaration.

Demurrer overruled.