### BENJAMIN THOMPSON *vs.* JAMES WILSON.

*A.* an inhabitant of this state gave a negociable note to *B.* an inhabitant of Massachusetts, who, having made his will and appointed *C.* his executor, died : *C.* having proved the will in a probate court of Massachusetts, and there taken upon himself the burthen of executing the will, by endorsement ordered the contents of the note to be paid to *D.* who brought an action upon the note against *A.* here : it was held that *C.* the executor had no interest in the note and could not transfer it by endorsement, and that the endorsee could maintain no action upon it.

THIS was an action of assumpsit upon a note of hand made by *Wilson,* dated January 24, 1816, for $400, payable to *Hough Clark* or order on demand, and endorsed to the

plaintiff by *Benjamin Humphreys*, the executor of the last will of *Clark*, who is deceased.

The cause was submitted to the decision of the court upon a statement of facts as follows. *Hough Clark* was an inhabitant of Massachusetts, where the note was made ; and where, having made his will, and appointed *Humphreys* his executor, he died. *Humphreys* caused the will to be proved and allowed in a probate court of Massachusetts, and took upon himself the burthen of executing it. The note came into the hands of *Humphreys,*as executor, and he afterwards, by endorsement, ordered the contents of it to be paid to the plaintiff. *Clark's* will has never been filed and recorded, nor has administration of his estate been granted to any person in this state. The parties agreed that if upon these facts, the court should be of opinion, that the plaintiff could maintain the action, then the defendant to be defaulted, otherwise the plaintiff to become nonsuit.

*Atherton*, for the plaintiff.

*Ed. Parker*, for the defendant.

RICHARDSON, C. J., delivered the opinion of the court.

The question which this case presents for our decision is an extremely clear one. It is well settled that debts due on simple contract are *bona notabilia* where the debtor lives. *Lovelass* 6, 7 & 12.—*Went. Ex'r.* 46.—3 *Mass. Rep.* 514, *Goodwin vs. Jones.*—11 *ditto* 256, *Stevens vs. Gaylord.*—*Godolphin* 70.

*Humphreys*, then, by proving the will in a probate court of Massachusetts, and by there taking upon himself the burthen of executing it, acquired no interest in a simple contract debt due from an inhabitant of this state ; (6 *Mod.* 134, *Adams vs. Savage.*—1 *Salk.* 40, S. C.—2 *Lord Raymond* 854, *S. C.*) and of course had no authority to endorse the note in question.

A copy of the will must be filed and recorded in some probate court in this state, and the executor must give bond, or administration of the estate, with the will annexed, be granted to some other person, before this note can be legally ne-

gociated, or the payment of it enforced by a suit in our courts. 1 *Laws of N. H.* 205, *Statute of January* 22, 1790.

*Plaintiff nonsuit.*