Curia, per Savage, Ch. J.
'It seems-to me'the declara.tionis good. 'It charges that the defendant represented that he had lawful authority to make, use, vend, &c. the machine ; and falsely represented the quantity of'labor which could be performed when it should 'be constructed in the manner specified, it cannot be material to state the-particular construction: for it -is averred-that-when so constructed, the machine was utterly worthless.
•This is an actiomfounded on -fraud; not on‘the-contract; and-therefore, it"is unnecessary to set out either-the contract or ;the consideration.
in Barney v. Dewey (13 John. 224,) it was decided‘that in an action on the case, for falsely-affirming-that-a-chattel belonged -to the defendant, whereby‘the -plaintiff -was -induced to buy it, and was afterwards evicted by the rightful owner, it is unnecessary to set forth-the contract-between the parties, or any consideration moving from ‘the-pltiintiff •to the defendant, or the price .paid, as ‘that is only -a-matter relating to the liquidation of damages. The-fraud in-that case consisted in a false affirmation as-to -the-title ; in-this, in a false affirmation as to the capacity of the-machihe to perform labor. The plaintiffs -here make-no question as to the defendant’s title to make, use and-vend the -machine. ’That of course is admitted ; -and -the defendant ¡has no right to complain that he is not-put totthe-proof of that fact.
-*-None of the causes are well founded. The plsant-iffs are therefore entitled to judgment on the demurrer. The defendant has leave to withdraw his demurrer and -plead on payment .of costs.
Utile accordingly.