JEFFERSON WEATHERFORD, plaintiff in error, *v.* HENRY FISHBACK, defendant in error.

*Error to Macoupin.*

A declaration was filed in an action on the case, the first count of which charged that one H was seized and possessed, as owner and proprietor in fee, of a certain tract of land, &c., and being desirous to sell the same to the plaintiff, for a valuable consideration, who did not know its lines and boundaries; thereupon, the defendant, acting as the agent of H, and pretending to know the landmarks, lines, and boundaries of the land, desired the plaintiff to go with him upon the premises; and he then and there wrongfully and injuriously contriving and intending to deceive, defraud, and injure the plaintiff, then and there falsely, fraudulently, deceitfully, and knowingly represented and asserted to the plaintiff, that a certain tract of land, containing forty acres, which he then and there pointed out and showed to the plaintiff, by its corners, lines, and marks, and by course and direction, was the same tract which H owned and desired to sell to the plaintiff. That the tract thus pointed out was worth $10 per acre. That the plaintiff, confiding in the repre-

(1) 2 Scam. 441.

Weatherford *v.* Fishback.

sentations of the defendant, at his special instance and request, bargained with H, and bought of him the tract of land for $400, as the tract owned by H, being induced to do so by the false, fraudulent, and deceitful representations of the defendant; whereas, in fact, the tract of land thus pointed out and shown to the plaintiff, was not the tract owned by H, but adjoining to it, being a quarter of the same quarter section, but greatly superior in value to the one he owned and sold to the plaintiff; and that the defendant well knew it, at the time of making said false, fraudulent, and deceitful assertions. That the tract purchased was not worth more than $50, &c. The second count was like the first, except that it charged the defendant with officiously intermeddling in the sale, and acting as an authorized person and agent: *Held*, that the declaration was good, on demurrer.

Where a person, with a design to deceive and defraud another, makes a false representation of a matter, by which the party, to whom the representation is made, enters into a contract, and sustains an injury thereby, an action on the case, in the nature of deceit, will lie at the suit of the party injured, against the party making the fraudulent representations, although a stranger to the contract which the plaintiff entered into, by which he was injured.

If a defendant, after demurring, wishes to controvert the facts, the course is, to get leave to withdraw the demurrer and plead to the action. If he does not do so, he is considered as having elected to abide by the demurrer, and the question of damages is referred to a jury, in all cases where they do not rest in computation.

Where the transcript of the record in a cause showed but one declaration, and that a demurrer had been sustained to it, but afterwards the plaintiff amended his declaration, and a demurrer was filed to the amended declaration, and a joinder therein, upon which the Court gave judgment for the plaintiff: *Held*, that the record showed a sufficient declaration to sustain the judgment.

The practice in the Circuit Court has been, (though a loose one) when an amendment to a plea or declaration is allowed, for the pleader to interline the original draft, and the clerk, in making up the record, does not usually transcribe that draft, together with the amended declaration, at length.

THIS cause was heard in the Circuit Court, at the September term, 1840, before the Hon. William Thomas and a jury. Verdict and judgment were rendered for the plaintiff for $183.40. The cause was brought to this Court by writ of error.

J. J. HARDIN and S. T. LOGAN, for the plaintiff in error.

D. A. SMITH, for the defendant in error:

Our declaration is good, and we are entitled to affirmance of our judgment with damages, if this Court should regard as authority the case of Pasley *et al. v.* Freeman, 3 Term R. 51, which settles the following principle: "A false affirmation made by the defendant, with intent to defraud the plaintiff, whereby the plaintiff receives damage, is the ground of an action upon the case in the nature of deceit. In such an action it is not necessary that the defendant should be benefited by the deceit, or that he should collude with the person who is." This is the leading modern case on this head, and has been recognised as authority in divers other cases: 1 East 318; 2 East 92; 12 East 634; 3 Bos. & Pul. 367; 10 Ves. Jr., 475; 13 Ves. Jr., 133; 3 Ves. & Beames 110; Russel's Exr's *v.* Clark's Exr's, 7 Cranch 69; Upton *v.* Vail, 6 Johns. 181; Gallagher *v.* Bunnell, 6 Cowen 346; Bacon *v.* Bronson, 7 Johns. Ch. R. 194.

BREESE, Justice, delivered the opinion of the Court:
This was an action on the *case*, in the nature of deceit. The dec-

laration contains two counts, the first, charging that one Harbard Weatherford was seized and possessed as owner and proprietor in fee, of a certain tract of land in Macoupin county, State of Illinois, described and known as, &c.; and he being desirous to sell it to Fishback, the plaintiff below, for a valuable consideration, and the latter not knowing its lines and boundaries, thereupon Jefferson Weatherford, the defendant below, acting as the agent of Harbard, in the premises, pretending to know and be well acquainted with the landmarks, lines, and boundaries of the land, desired Fishback to go with him upon the premises, and that he then and there wrongfully and injuriously contriving and intending to deceive, defraud, and injure Fishback, then and there, falsely, fraudulently, deceitfully, and knowingly represented and asserted to Fishback, that a certain tract of land containing forty acres, which he then and there pointed out and showed to Fishback, by its corners, lines, and marks, and by course and direction, was the same tract which Harbard owned and desired to sell to Fishback, and which tract so shown and pointed out, was worth $10 an acre. That Fishback, confiding in the representations and assertions made by Jefferson Weatherford, and at his special instance and request, bargained with Harbard, and bought of him that tract of land for the sum of $400, as the one owned by Harbard, and also several other tracts, for the further sum of $1400, and paid Harbard for the one thus shown to him, $400, being induced to do so by the false, fraudulent, and deceitful representations of Jefferson Weatherford, whereas, in fact, the tract of land thus shown and pointed out to Fishback, was not the tract Harbard owned, but adjoining to it, being a quarter of the same quarter section, but greatly superior in value to the one he did own, and did sell to Fishback; and that Jefferson Weatherford well knew it, at the time of making said false, fraudulent, and deceitful assertions. Fishback further alleges, that the tract of land he in fact purchased, under the influence of the fraudulent representations, was not worth more than $50; and avers, that he has been greatly deceived by this fraud and misrepresentation of Jefferson Weatherford, and claims damages to $500.

The second count is substantially the same as the first, with this difference; it charges Jefferson Weatherford with officiously intermeddling in the sale, and acting as an authorized person and an agent.

To this declaration the defendant, Jefferson Weatherford, demurred generally, and it was adjudged good; and he stood by his demurrer. Judgment was rendered thereon for Fishback, and a jury called to assess the damages. The damages were assessed at $183.40, on which final judgment was entered up for Fishback.

Jefferson Weatherford prosecutes this writ of error, and assigns but two errors we deem important to notice:

*First.* In overruling the demurrer to the declaration;

*Second.* In rendering judgment by *nil dicit* against the defendant.

The first error assigned presents the question, whether the facts stated in the plaintiff's declaration are sufficient in law to authorize him to recover against the defendant.

The action is on the case for a deceit, and it is insisted by the plaintiff in error, that as the declaration alleges in the first count, that he was the agent of another person, his principal should be sued. The rule, in some of the books on pleading is, that a servant is not liable for deceit on the sale of goods, or for a false warranty. (1) In a note to 1 Com. Dig. 38, title Deceit, reference is made to 1 Morgan's *Vade Mecum* 177, doubting this law. Chitty cites 1 Roll. 95 ; and the instance given is where the servant of a taverner sells corrupted wine, it will be presumed the sale was made by the direction of his master. In all cases where the agent or servant sells by command of his master, or acts in execution of an authority given by his master, the master shall be charged. (2)

All these cases proceed upon a presumed command of the master, arising out of his general directions to sell.

The declaration in this case, does not aver in either count, that Jefferson Weatherford was the agent in making the sale to Fishback, or that he had any authority for that purpose. The bargaining and final sale and the purchase, is alleged to have been made with the real owner of the land, Harbard Weatherford ; the fraudulent representations and deceit of Jefferson Weatherford, as to its locality, leading to its consummation.

The sale of the land was one of the common transactions of the country, in which the plaintiff in error officiously intermeddled, without deriving any advantage to himself from the deceit, and without any collusion between him and Harbard Weatherford, who did derive the advantage. The question arises, can he be made responsible for his deceit ? In the case of Pasley *et al. v.* Freeman, 3 Term R. 51, it was decided by Lord Kenyon, Chief Justice, Ashhurst and Buller, justices, against Grose, justice, that where a person, with a design to deceive and defraud another, makes a false representation of a matter enquired of him, by which the party to whom the representation is made, enters into a contract, and sustains an injury thereby, an action on the case in the nature of deceit, will lie at the suit of the party injured, against the party making the fraudulent representation, although a stranger to the contract which the plaintiff entered into, by which he was injured.

The ground of the action is the fraud ; the intention to deceive ; and whether it be from any expectation of advantage to the party himself, or from ill-will towards the other, is held to be immaterial. 2 East 108, per Le Blanc, Justice.

(1) 1 Chit. Plead. 72.          (2) 1 Salk. 282; 2 Salk. 440.

Fraud and falsehood must come in to sustain this action. 3 Eng. Com. Law 136.

The same doctrine is recognised in the case of Upton *v.* Vail, 6 Johns. 181, and Barney *v.* Dewey, 13 Johns. 224, and they all proceed upon that principle of natural justice, which the law has always acknowledged, that fraud or deceit, accompanied with damage, is a meritorious cause of action.

If representations, such as those shown in the declaration, are made in bad faith, knowing that they are not true, and with a view to cheat and deceive, we think an action can be supported for the injury occasioned thereby.

It was held in the case of Foster *v.* Charles, 6 Bingham 396, that to support an action for deceit against a party, for improperly recommending an agent, no more is necessary than to show that the statement was false, and known to be so by the party recommending. It is not necessary to prove a malicious or interested motive.

The same principle was recognised in the case of Corbett *et al. v.* Brown, 8 Bingham 33, and in Young *v.* Covell, 8 Johns. 23.

The fraud and the *scienter*, though the party had no personal interest in practising it, seem to constitute the grounds of the action. The *gravamen* being the deceit, and the *scienter* the gist of the action.

It is, however, urged here that the defendant in error should not have confided in these representations ; that it was his own folly to have done so ; and that by using the proper care, he could have ascertained, to a certainty, whether the land shown him by the plaintiff in error was Harbard Weatherford's or not. This is all true, and so in the cases referred to, more diligent enquiry might have protected the plaintiffs in those actions. But did not Fishback, in purchasing the land, use the ordinary care and circumspection in such cases? Confiding in the plaintiff in error, at his solicitation, he goes with him upon the land, is shown the lines, marks, boundaries, course, and situation. This is all that ordinarily prudent men do, in such transactions, and a loss having occurred to him by the deceit of the plaintiff in error, we think upon principles of natural justice, acknowledged in the law, he ought to recover damages for it, and from the plaintiff in error, who deceived him knowingly, although he was to derive no benefit himself from his conduct. If no representation had been made to the defendant in error, he might be chargeable with the fact that the land pointed out and shown to him, was not the land of Harbard Weatherford, which he designed to sell to the defendant in error ; but the declaration charges that the plaintiff in error, knowingly, falsely, and fraudulently misrepresented the fact, and he admits it by his demurrer, and, therefore, he ought to be made chargeable with all the damages resulting from such misrepresentation.

Weatherford *v.* Fishback.

In the case of Kirkland *v.* Lott *et al.*, (1) the Court allowed the defence set up, where the owners of lots in Jerseyville, who were suing on the notes given for them, had falsely misrepresented the situation of a lot sold by them, knowing that it was false. The Chief Justice, in delivering the opinion of the Court, remarks: "It is manifest, then, that the plaintiffs have, by false and fraudulent acts and representations, deceived the defendant, and induced him to believe that he was purchasing lots in one part of the town, when, according to the plat of the town, they were situated in a different and less eligible part of it." He further observes, "If the mistake relative to the situation of those lots had been mutual, or if the plaintiffs had made no false representations, nor used any means to deceive the defendant, he would have had no ground of defence. If the plaintiffs had made no representations as to the location of the lots, the defendant would reasonably have sought, and might have obtained, correct information from some other source; and it is not for the plaintiffs to say that it was his folly not to have done so, when their representations were the cause of this omission. Credulity, on his part, is no license for fraud on theirs. I do not, however, consider the defendant chargeable with any culpable degree of confidence, or want of circumspection. The statements of the plaintiffs, and the pointing out the situation of the lots, were such practices of deception as might well mislead and deceive a more than ordinarily cautious man; and when accompanied with the intention so to deceive, as is alleged, were certainly such as to vitiate the contract which they beguiled the defendant into making."

Similar views are presented by this Court, in the case of Miller *v.* Howell. (2) Applying them to the facts in this case, as they appear on the record, a most palpable fraud is shown upon the defendant in error, by which he has been materially injured. For this injury thus produced, the law would be wanting in one of its great purposes, if it did not afford an adequate remedy.

In regard to the second error assigned, the judgment in this case was on demurrer, which brought, upon the implied admission of facts stated by the plaintiff, the law of the case at once before the Court for its decision. If a party, after demurring, wishes to controvert the facts, the course is, to get leave to withdraw the demurrer, and plead to the action. If he does not do this, he is considered as having elected to abide by the demurrer, and the question of damages is referred to a jury, in all cases where they do not rest in computation. (3)

The practice in this case was the same as is usual in such like cases. There being no such errors as the plaintiff in error has assigned, the judgment is affirmed, with costs.

*Judgment affirmed.*

(1) 2 Scam. 13.  (2) 1 Scam. 499.
(3) 1 Scam. 447; 2 Scam. 185.

S. T. Logan, for the plaintiff in error, filed a motion for a re-hearing.

Breese, Justice :

The grounds stated in the petition for a re-hearing are, that the record does not show any declaration in the cause on which the judgment of the Court below could operate.

The record shows, by recital of the date, that the original declaration was filed on the 22d of April, 1840, to the May term of that year. At that term the defendant demurred to it, but the plaintiff did not join in demurrer. By agreement the cause was continued to the next September term, when the defendant filed a second demurrer to the declaration, and there was a joinder. This demurrer was sustained, and, on motion of the plaintiff, leave was given him to amend his declaration, and thereupon, as the record states, " he filed his amended declaration," to which the defendant also demurred, and the plaintiff joined, which demurrer the Court overruled, and the defendant abided thereby.

It is now insisted, that inasmuch as the record showed but one declaration, that it must be intended to be the one adjudged bad on the demurrer.

This point was fully considered by the Court, before arriving at the decision already pronounced, and was considered of so little importance, as not to claim a special notice.

The practice on the circuit has been, though a loose one, when an amendment to a plea or declaration is granted, for the pleader to interline the original draft, and the clerk, in making up the record, does not usually transcribe that draft, together with the amended declaration, at length. It cannot be presumed that the Circuit Court decided upon the merits of a declaration, not before it, nor that the defendant would file a demurrer to an amended declaration, which it appears he did do, if there were no such declaration. There is sufficient in the record to show that the plaintiff below had a meritorious cause of action, and that set forth in legal and technical form. The declaration contained in it must be presumed to be the original declaration, as amended, on which the judgment in its favor was pronounced by the Court, on the second demurrer and joinder. Something must be intended to sustain the judgment of the Court, and in doing so it is not perceived that any violence is done the record.

The petition is therefore denied.  _

<em>Motion denied.</em>