SCOTT
v.
HERALD.

---

Scott and Another *v.* HERALD.

Suit on the assignment of a promissory note. The declaration averred that the plaintiff had sued the maker; that the latter had obtained judgment on account of the want of consideration for the note; and that notice of the suit against the maker had been given to the indorsor, &c. Motion by the now defendant in the Circuit Court to stay proceedings until a writ of error which had been taken to said judgment, and which was shown by affidavit to be pending in the Supreme Court, should be determined. *Held*, that the motion should be granted.

ERROR to the *Knox* Circuit Court.

Monday, July 6.

BLACKFORD, J.—Assumpsit brought by *Herald* as indorsee against *Scott* and *Wise* as indorsers of certain promissory notes. The declaration contains several counts, the fifth and sixth of which allege, *inter alia*, that the plaintiff had sued the makers of the notes, and had been defeated on the ground that the notes were made without consideration; that when ·said suits on the notes were commenced, the now defendants, *Scott* and *Wise*, had notice thereof; that they employed counsel to advise with the plaintiff's counsel in the management of those suits; and that their counsel advised with the plaintiff's counsel in every stage of the suits, and approved of all the proceedings therein on the plaintiff's part, &c.

At the first term after the declaration was filed, the cause was continued. At the next term, the defendants showed to the Court by affidavits, that, since the last continuance, writs of error to the judgments relied on in the fifth and sixth counts of the declaration had been issued, and were then pending in the Supreme Court; that errors had been assigned, and appearances entered, &c. Upon these affidavits, accompanied by the transcripts of the suits in error, the now defendants, *Scott* and *Wise*, moved the Court to stay further proceedings in this cause against them, until the determination of the suits in error. The motion was overruled.

We think this motion should have been sustained. The

May Term, plaintiff could not recover on the fifth and sixth counts, whilst
1846.      suits in error on the judgments described in those counts
THE WHITE  were pending.  If those judgments should be affirmed, the
WATER VAL- plaintiff may introduce them in evidence on the trial, accord-
LEY CANAL
COMPANY    ing to what is said in *Howell* v. *Wilson*, 2 Blackf. 418.  And
v.         see *Blasdale* v. *Babcock*, 1 Johns. 517.—*Barney* v. *Dewey*, 13
BODEN.     Johns. 224.  But it would, of course, be otherwise, should
the judgments be reversed.

   *Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

   *J. Law* and *J. Whitcomb*, for the plaintiffs.

   *S. Judah*, for the defendant.