ALBANY,
August, 1809.

HOLDEN *against* DAKIN.

Holden
v.
Dakin.

IN error on *certiorari*, from a justice's court.

A. sold to B. paints for good *Spanish brown* and *white lead*, and for a full price; the paints proved to be bad, and of no value. It was held, that there was no warranty in this case; and to make A. liable, there must be either an express warranty or fraud.

*Dakin* sued *Holden*, before a justice, and declared that he, *Dakin*, purchased two kegs of paint, for *Spanish brown*, of 56 pounds each, at 9*d.* per pound, and two kegs of *white lead*, of 28 pounds each, at 1*s.* 7*d.* per pound, which paints were adulterated, and of an inferior quality, and in fact were not *Spanish brown* or *white lead*, nor good for any thing. The defendant pleaded not guilty.

Upon the trial, the defendant acknowledged the sale of the paints. The plaintiff proved that the *Spanish brown* so bought, was of a very inferior quality, and much adulterated, and that the *white lead* was also much adulterated, though not so bad as the other. He bought the paints of a clerk of the defendant, at his store, who sold them for good paints, but the kegs had never been opened, since they were purchased at *New-York*, by the defendant.

The justice gave judgment for the plaintiff, on the ground that the *Spanish brown* was of little or no value; and that the selling it for good paint, and for the usual cash price of the best *Spanish brown*, was a sufficient warranty.

*Per Curiam.* Here was no express warranty, as to the quality of the paints. All that was proved upon the trial was, that the clerk of the vendor sold the paints for good paints, and at a fair price; but this was not sufficient to raise a warranty. This point has been frequently determined. (2 *Caines*, 48. 1 *Johns. Rep.* 96. 129. 274.) If a warranty was to be inferred from these

ALBANY,
August, 1809.

circumstances, then, as the court observed, in *Snell v. Moses*, ( 1 *Johns. Rep.* 96.) a warranty would be universal, upon every *bona fide* sale, at the usual price, unless there was a stipulation to the contrary. There was no pretence in this case, that the vendor *knew* that the paints were of an inferior quality.

Judgment reversed.