NEW-YORK,
May, 1810.

Executors of
EVERTSON
v.
MILES.

Tyng's *Mass. Rep.* 559. 1 *Esp. Cases*, 339. 4 *Burr.*
2255.

*Wells* and *C. I. Bogert*, contra, insisted, that though a
*particeps fraudis* may be admitted to prove the fraud, he
was incompetent to disprove it. They cited *Ambler*,
592. 2 *Vesey*, 629. 2 *Atk.* 228. 1 *Atk.* 452.

---

.The Executors of NICHOLAS EVERTSON *against*
JAMES MILES.

*Assumpsit* is the
proper form of
action where
there is a war-
ranty, express-
ed or implied,
in the sale of
chattels; but
where the plain-
tiff grounds his
action on deceit
or fraud in the
sale, and not in
a breach of con-
tract, the deceit
or fraud must be
substantively al-
leged in the de-
claration, other-
wise no proof of
fraud is admissi-
ble.

IN *error*, from the court of common pleas, of *Dutchess*
county. The plaintiffs, as executors of *Evertson*, brought
an action of *assumpsit*, on a breach of warranty, on the
sale of a horse, to the testator. The declaration con-
tained four counts.

1. For that whereas, on the 20th day of *September*, in
the year 1806, at *Poughkeepsie*, &c. in consideration, that
the said *Nicholas*, in his life-time, at the special instance
and request of the said *James*, would buy of the said
*James*, a certain gelding of him the said *James*, at and
for a large price or sum of money, to wit, for the price
of 187 dollars and 50 cents of lawful money, &c. to be
paid by the said *Nicholas*, in his life-time, for the same,

to the said *James*, he the said *James*, then and there, undertook, and faithfully promised the said *Nicholas*, in his life-time, that the said gelding was tame and gentle in harness, and was no more than seven years of age, the spring then next preceding; and the plaintiffs in fact say, that he, the said *Nicholas*, in his life-time, confiding in the said promise and undertaking of him the said *James*, so by him made as aforesaid, afterwards, to wit, on the day and year aforesaid, at the place aforesaid, and within the jurisdiction aforesaid, at the special instance and request of him the said *James*, did buy of him the said *James*, the said gelding, at and for the said price of 187 dollars and 50 cents; and then and there paid him the said sum of money for the same. Yet the said *James*, not regarding his said promise and undertaking, so by him made as aforesaid; but contriving and fraudulently intending to injure the said *Nicholas*, in his life-time, in this behalf, did not regard his said promise and under-taking, so by him made as aforesaid, but craftily and subtly deceived the said *Nicholas* in his life-time, in this; that the said gelding, at the time of making the said promise and undertaking of the said *James*, was not tame and gentle in harness, and was older than seven years the then last spring, to wit, was, and still is frac-,tious, and unmanageable in harness, and was, the then last spring, ten years old, at least, to wit, at the place and within the jurisdiction aforesaid, whereby the said gelding, then and there became, was, and still is, of no value.

2. And for that whereas, also, afterwards, to wit, on the same day and year aforesaid, at the place, &c. in consideration that the said *Nicholas*, in his life-time, would buy of the said *James*, other a certain gelding, at and for a large price, or sum of money, to wit, the price of 187 dollars and 50 cents, of lawful money, of the *United States* of *America*, to be paid by the said *Nicholas*, in his life-time, for the same, to the said *James*, he the said

NEW YORK,
May, 1810.

Executors of
EVERTSON
v.
MILES.

*James* then and there undertook, and faithfully pro-mised, the said *Nicholas*, that the said last-mentioned gelding was no more than eight years old the then last spring, &c.

3. And for that whereas, also, afterwards, to wit, on the same day and year aforesaid, at, &c. in considera-tion, that the said *Nicholas*, in his life-time, at the spe-cial instance and request of the said *James*, had before that time bought of the said *James*, a certain other geld-ing of him the said *James*, at and for a large price or sum of money, to wit, the price of 187 dollars and 50 cents, lawful money, &c. he the said *James*, then and there undertook, and faithfully promised the said *Nicho-las*, in his life-time, that the said last-mentioned gelding was tame and gentle in harness, and was no more than seven years old, the then last spring. And the said plain-tiffs in fact say, that the said *James*, not regarding his said promise and undertaking, so by him made as afore-said; but contriving and fraudulently intending to in-jure the said *Nicholas*, in his life-time, in this behalf, did not regard his said promise, but craftily and subtly de-ceived the said *Nicholas*, in his life-time, in this; that the said last-mentioned gelding, at the time of the making the last-mentioned promise and undertaking of the said *James*, was not tame and gentle in harness, and was older than seven years, the then last spring, to wit, was, and still is, fractious and unmanageable in harness; and was, the then last spring, ten years old, at least, to wit, at the place, and within the jurisdiction aforesaid; where-by the said gelding, then and there became, and was, and is, of no use or value.

(4. The fourth count was for money paid, money lent, and money had and received, &c.) Nevertheless, the said *James*, his promises and assumptions aforesaid, in form aforesaid made, not in the least regarding, the said last-mentioned sum of money, to the said *Nicholas*, in his life-time, or to the said plaintiffs since his death, hath

not paid; (though often requested, &c. by the said *Nicholas*, in his life-time, and the said plaintiffs, since his death;) but the same, to the said *Nicholas*, in his life time, to pay, the said *James* always refused; and the same to the said plaintiffs, since his death, hath hitherto wholly refused, and still doth refuse, to the plaintiffs' damage of 300 dollars, and, therefore, they bring suit, &c.

The defendant pleaded *non assumpsit.* At the trial, a witness for the plaintiffs testified, that in 1806, as agent of the testator, he purchased a certain horse of the defendant, for the sum of 187 dollars and 50 cents, and that the defendant represented the horse to be only seven years old, and good and gentle in harness, &c. The counsel for the plaintiffs, then offered to call a witness to prove the horse was not of the age represented by the defendant, nor good and gentle in harness; and that the defendant at the time he made the representation, *knew* the same to be false : this was objected to by the defendant's counsel, and the evidence was overuled by the court below, as inadmissible; and the court decided that the plaintiffs must show an express warranty, otherwise they could not recover on their declaration, and the plaintiffs were called and nonsuited. A bill of exceptions was tendered to the decision of the court, on which a writ of error was brought.

The cause was submitted to the court without argument.

VAN NESS, J. The decision of the court below was correct. The declaration was agreeable to the precedent in *Stuart* v. *Wilkins;* (*Doug.* 10.) and that applies when the plaintiff sues for a breach of a warranty; and it is the modern mode of declaring on a warranty, instead of the ancient form of *warrantizando vendidit.* But when the plaintiff does not go for a breach of contract, but grounds his action on deceit and fraud in the sale, the fraud must be averred and charged, as a substantive allegation. To

admit the proof of it, without such averment, would be going wide of the issue, and taking the party by surprise. To justify the proof offered, it ought to have been charged, that the defendant falsely and fraudulently represented the horse to be gentle, &c. and that he knew him to be vitious, &c. There is no case which permits a plaintiff to establish deceit and fraud, when he declares only in *assumpsit*, on a warranty, express or implied. There are indeed actions of *assumpsit*, which are founded upon a breach of duty, and partake of the nature of counts upon a *tort*. (5 *Bos.* and *Pull.* 366. 370.) The case of *Hallock* v. *Powell*, (2 *Caines's Rep.* 216.) was an instance. The two counts in that case (and which I have since particularly examined) were for *deceit*. The one in warranting a distempered horse to be sound, and the other for a like *deceit*, in promising that he was sound. The *gist* of the action, then, was the *deceit*, and not the contract. Here it is otherwise. It is plain that a breach of contract, and not fraud, is the *gravamen* complained of ; and, consequently, the evidence of fraud, which was offered at the trial, was properly overruled, and the judgment must be affirmed.

KENT, Ch. J. THOMPSON, J. and YATES, J. were of the same opinion.

SPENCER, J. The court below considered the declaration as on an express warranty, and rejected the proof which went to show, that the defendant had been guilty of fraud in the sale of the horse. The case of *Stuart* v. *Wilkins* (*Doug.* 19.) furnished the precedent of this declaration ; and as I read the counts, they charge the defendant with actual and positive deceit. In the case cited, there was proof of an express warranty ; and on doubt being raised whether, in such a case, this was a proper form of action, it was held that it was. In delivering the opinion of the court, Lord *Mansfield* ob-

served, that this sort of declaration, where a warranty is to be proved, (he was told by *Ashhurst* and *Buller*, Justices,) had been practised for twenty years ; and that it is made use of with a view to let in both proofs, if necessary. And *Buller*, J. in giving his opinion, states, that this mode of declaring had been in use ever since he knew any thing of the practice. It is supposed that Lord *Mansfield*, in speaking of both proofs, meant proof of an express and an implied warranty ; but this cannot have been his meaning, for he had just said, " that sell-ing for a sound price without a warranty, may be the ground for an *assumpsit ;* but in such case it ought to be laid, that the defendant knew of the unsoundness." In the declaration before him, it was not alleged that the defendant knew of the unsoundness, and so, according to his rule, it could not embrace the case of an implied warranty, merely from the soundness of the price, and by both proofs he must have meant proof of an express warranty, and proof of a representation amounting to a promise. In the case of *Hallock* v. *Powell,* (2 *Caines,* 216.) one of the counts was *non assumpsit,* like the pre-sent, and the other on a warranty, and this court held, the *gist* of the action was a deceit.

As I understand the objection, it is, that the declara-tion does not aver that the defendant knew the horse was different from his representations of him, the want of which averment is considered fatal. I repeat, that it cannot be said that the declaration does not allege that the defendant deceived the plaintiff's testator in two es-sential qualities of the horse, his age, and his being gentle in harness. The case of *Bayard* v. *Malcolm,* (2 *Johns. Rep.* 550.) is in point, that the *sciens* of the defendant is matter of evidence, and need not be averred ; the declaration, in that case charged the defendants with af-firming the number of subscribers to the newspaper establishment sold, to be 900, and the profits to exceed 4,000 dollars *per annum ;* and it alleged, " and so the

NEW-YORK,
May, 1810.

plaintiff saith, that by reason of the affirmation of the defendant, he was falsely and fraudulently deceived." The court for the correction of errors adjudged that this was a sufficient charge of fraud, and put in issue the existence or non-existence of the deceit. It is true that case was after verdict, and the court intended that the plaintiff would not have recovered without proof of the fraud. In the present case the plaintiff offered the proof which went to establish the fraud ; and he offered to prove what was intended to be proved in the case cited. That case, therefore, directly applies to the present; and although I was of a different opinion, I feel myself bound to assent to, and to uphold the judgment of the court of errors.

My opinion is, that the judgment below ought to be reversed.

Judgment affirmed.