Sewall, J.,
delivered the opinion of the Court.
The question, more immediately presented by the exceptions filed in this cause, respects altogether the inquiry, whether one of the defendants is liable with the rest. The plaintiff complains that evidence applicable to this inquiry was rejected, and that the jury were directed to consider it as a fact proved in the case, that Actor Patten, Jun., had sold his part of the vessel before the execution of the charter party, and before the advancements made by the plaintiff, for the general account of the owners of the vessel chartered. And if this were the only question to be decided, we should incline to the opinion that the evidence rejected was both competent and relevant, although by no means conclusive ; and that a new trial ought to be granted, for the * purpose of [ * 195 ] examining further of the fact of a sale by Actor Patten,
Jun. Besides, we should be disposed to admit, upon proper terms, an amendment of the writ, so as to give the plaintiff an opportu nity of maintaining his action against the other defendants, if they were all clearly liable for this demand, and in this form of action.
But we cannot distinguish this rase from that of Banorgee vs. Hovey Al., cited in the argument; or, rather, we are not disposed to dispute the authority of the decisions by which that case was *202 supposed to be governed. The general principle, that an action on the case will not lie, where the plaintiff depends upon a deed to prove the contract on which he relies, is well established. In the case at bar, the deed, which is essential to the plaintiff’s title in any action, establishes a right of action against two only of the defendants, (a)
Our brother Wilde perceives a distinction between money paid for repairs, or for the furniture of the vessel, and a delay, or damage, or loss in the voyage, occasioned by the want of repairs, or by defects in the vessel or her furniture.
The distinction is inadmissible. The subject matter of the contract is one peculiarly liable to decay and accidents, and to which a continual care, and supply, and expenditure, are necessary. It is therefore necessarily understood, in a contract of charter party, where the owner contracts with the hirer, that the vessel shall be stanch, strong, suitably provided, &c., at the expense of the owner; that every defect of the vessel happening abroad, in the course of the voyage, is to be remedied by the care of the hirer and employer; not that he is to subject the owner to a loss, equal to the expectations and casual profits of the voyage, and for that purpose to stand still, calling for repairs, and demanding the performance, literally, of the covenants in the charter party. It is enough, for all the reasonable effect of this contract, that the hirer, either on his own credit, or the credit of the owner, and ultimately at his expense, provide whatever is necessary to enable the vessel to continue on the voyage and employment for which the hirer has engaged her. And the event, so far as that depends on the dangers of the seas, and the ordinary wear and tear of the vessel and her furniture, is a risk mutually and equally of the owner and employer. If the vessel, sufficient at the commencement of the voyage, be entirely lost in the course of it, the one must betake himself to another vessel, and the other loses his freight money, but nothing more, upon the contract of charter party. The hirer must not abandon the vessel, while he can keep her afloat, and suitably provided for the employ ment and destination for which she was hired; and the owner must be ready to pay all expenses and damages necessarily incurred for the purpose.
The contract of charter party is therefore the only foundation of any remedy between them ; and to that a very different form of action from the present is exclusively adapted, which, in the case at bar, is to be maintained against two only of the defendants. (b)
*203 Another objection to the action, which goes to the merits of it, is the supposed demand of the plaintiff upon an implied promise, not only for the amount of the expenditure, but for casual profits lost, as is supposed, by the advancement made by the plaintiff in Liverpool, of money taken from his stock, and the consequent dead freight of the vessel in her return voyage. If an item of this kind is admissible in an estimate of-damages, the covenant in the charter party is the only ground upon which the demand is to be enforced. There is no implied promise to this effect; and we doubt exceedingly whether, as the course of exchange has been between this country and Great Britain for some years past, there is any possible ground for calculating extraordinary damages, upon an advance of money in England, to be reimbursed here.
Upon the whole, we think justice will be done between these parties, by permitting the verdict to stand, and entering judgment accordingly.

Judgment on the verdict.

ADDITIONAL NOTE.
[See Solomon vs. Higgins, 6 Wend. 425.— Wheeler vs. Curtis, 11 Wend. 653.— Reeve vs. Davis, 1 Ad. & El. 312.—Jones vs. Pritchard, 2 Mees. & W. 199. — Robinson vs. Cushing, 2 Fairf. 480.—Hewett vs. Buck, 5 Shepl. 147.— Cutler vs. Thurlo, 2 Apple, 213.— Thompson vs. Hamilton, 12 Pick. 425 —F. H.]

а) [Vide Tilson vs. Warwick Gas Light Co. 4 B. & C. 968. -- Fletcher vs. Giltespie, 3 Bingh. 635. — Leslie vs. Wilson Others, 6 Moore, 415. — Ed.]

 [Hall vs. Smith, 1 Bam. Cresw. 407. — 2 Bowl, Ryl. 584. — Burnell vs *203 Jones, 3 Barn. & Ald. 50. —Norton vs. Heron, Ry. & Mo. 229. —Iveson vs. Conington, 1 B. & C. 160. — Sed vide Mann vs. Chandler, 9 Mass. Rep. 335. — Dawes vs. Jackson, Ibid. 490. — Hovey vs. Magill, 2 Conn. R. 680. — Ed.]