## THOMPSON *against* ASHTON.

No custom, or usage, is admissible to show that the sale of any particular article implies a warranty of the goodness of that article.
To recover for the breach of a warranty, the action must be expressly founded upon the warranty.

THIS was an action on the case, to which the defendant pleaded not guilty. The cause was tried before Mr. J. *Van Ness*, at the *New-York* sittings, in *November*, 1816.

At the trial it was stated, by an agent of the plaintiff, that in *November*, 1815, he went to the store of the defendant for the purpose of purchasin crockery ware: that the defendant sold the witness 46 crat of crockery ware, according to the printed catalogue of ertain auctioneers, in whose store the

crockery was for sale, which catalogue, the defendant said, con-
formed to the invoice.  The witness did not open the crates,
but after they were sent to the plaintiff, several of them were
discovered to be bad, consisting of ware of an inferior quality.
That the witness then offered to return the whole of the 46
crates to the defendant, who would not rescind the sale, and
evaded showing the witness the original invoice, but informed
the witness, at one time, that they had been shipped by *Cheese-
borough*, and, at another time, said that they were shipped by
*Ashton & Ingham ;* and when the witness replied, that in a for-
mer conversation he had  said that *Cheeseborough* was the ship-
per, the defendant said, that *Cheeseborough* had shipped the
crockery to *Ashton & Ingham,* from whom the defendant re-
ceived it.  It did not appear that the defendant had any know-
ledge of the contents of the crates.  Other witnesses were ex-
amined as to the badness of the ware.

The plaintiff then offered to prove, that it was the custom and
usage of merchants, in this article, that the purchaser purcha-
sed, and the seller sold, on the invoices, without opening the
crates, or examining the ware in the crates; and that it was the
uniform understanding, in the city of *New-York,* in such trans-
actions, that the exhibition of the invoices amounted to an un-
dertaking on the part of the seller that the ware was good and
merchantable.  This evidence was objected to by the counsel
for the defendant, and overruled by the judge.  The plaintiff
then rested his cause, whereupon the defendant's counsel moved
for a nonsuit, which was granted.

The case was submitted to the court without argument.

*Per Curiam.*  It does not appear, from the case, whether
the action is founded upon a warranty, or fraud, in the sale of
the crockery.  The plea is stated to have been not guilty, from
which it would seem that fraud was the ground on which the
action was intended to be supported.  But the plaintiff has en-
tirely failed in making out fraud.  There is some appear-
ance of contradiction in the account which the defendant gave,
as to the place where, or the persons from whom he procured
the goods ;  but nothing which could be considered as making
out a fraud in the defendant, or charging him with any know-
ledge of the quality of the crockery sold to the plaintiff.  The

ALBANY,
August, 1817.

MURRAY
v
BOGERT.

evidence offered of a usage, or custom, in relation to the sale of crockery ware, was properly rejected. No custom in the sale of any particular description of goods can be admitted to control the general rules of law. Such a principle would be extremely pernicious in its consequences, and render vague and uncertain all the rules of law on the sale of chattels. Besides, in this case, the evidence offered was to show a custom that a sale, under the circumstances of the present case, amounted to a warranty. The action, therefore, should have been founded on the warranty, and not on the fraud. But the evidence would not be admissible under any form of action. The motion to set aside the nonsuit must, accordingly, be denied.(a)

Motion denied.

(a) Vide *Holden* v. *Daken*, 4 Johns Rep. 421, (2d ed.) 422. n  (a.) *Sands & Croup* v. *Taylor & Lovett*, 5 Johns. Rep. 395. 411  (2d ed.) *n.* (d ) *Executors of Evertson* v. *Miles*, 6 Johns. Rep. 138.