## Case No. 4,734.

### FENWICK v. GRIMES.

[5 Cranch, C. C. 603.] [1]

Circuit Court, District of Columbia. Nov. Term, 1839.

Mr. Key, for the defendant,

[1] [Reported by Hon. William Cranch, Chief Judge.]

But THE COURT (nem. con.) ordered the plea in abatement to be struck out, CRANCH, Chief Judge, observing that the order of pleading was part of the common law, and did not depend upon any rule of this court; and that, by the common law, a plea in bar of the action overruled a plea in abatement. That the plea in abatement, not on oath, may be treated as a nullity, and will be set aside unless sworn to when offered, or before the rule to plead under the special imparlance has expired. There was a verdict for the plaintiff upon the third count, for $150 damages, and a motion in arrest of judgment.

CRANCH, Chief Judge. This is an action upon the case for deceit. The deceit, in this count, consists in the defendant's promise, which, at the time he made it, he did not intend to perform; by which promise the plaintiff was induced to sell the slave for less than her real value. The court had arrested the judgment upon the first and second counts, because in them the alleged deceit was in the non-performance of a promise on the part of the defendant, which the court thought would not support an action upon the case for deceit, and that the plaintiff's remedy would be an action of assumpsit. But in this new count, the alleged deceit is not in the non-performance of the promise, but in making the promise, mala fide, without intending to perform it; and with the intent fraudulently to obtain the slave at an under price by abusing the confidence which the plaintiff reposed in him. It substantially alleges that the defendant, fraudulently and deceitfully intending to remove the slave from this District, by selling her to a person who, he knew, was a trader in negroes, and whose professed business it was to transport negroes from this District to the southern states; and knowing that the plaintiff would not sell her but upon the consideration of her being kept within this District, and that the plaintiff was willing to dispose of her at an under price, to a master residing in the District, and who would engage that she would not be sold away to southern negro-traders, fraudulently came and represented that he desired to purchase the slave; and, if sold to him, he would undertake that she should not be removed out of the District of Columbia; and thereupon, falsely, fraudulently, and deceitfully declared, protested, and engaged that the said slave should not be removed out of the said District, &c., by reason of which false and deceitful representations, the plaintiff was imposed upon, and prevailed with, to sell the said slave at much less than her real value; and relying upon the said representation and promise and engagement of the defendant, did sell and deliver to him the said slave for $400, when her real value was at least $600, and that the defendant did sell her to a southern negro-trader, who took her away out of the District to foreign parts unknown to the plaintiff, &c. It avers that the said representations, declarations, and promises of the defendant, were utterly false and deceitful, and that at the time he made them, he fraudulently and deceitfully intended and designed to remove the said slave, &c. In this consists the deceit, and we think it is sufficiently set out in this count; especially after a general verdict for the plaintiff, by which the jury have found all the material facts therein averred. We are therefore, of opinion that the motion in arrest of judgment must be overruled.

Mr. Key, for defendant,

R. J. Brent, for plaintiffs,