RHODES KINGSBURY *versus* ELISHA J. TAYLOR.

A vendor of personal property is not liable for defects of any kind, in the thing sold, unless there be fraud or an express warranty on his part.

Where the defendant sold *winter* rye for seed *spring* rye, and the plaintiff thereby lost his crop, an action of deceit will not lie, unless the defendant knew it to be *winter* rye.

EXCEPTIONS, from the District Court, RICE, J. The plaintiff in his declaration alleged that he bargained with the defendant to buy of him two bushels of summer rye, sound and fit for seed rye, to be sown for the production of a crop, during the season then about to commence, for a valuable consideration; and that the said defendant sold to the plaintiff two bushels of rye, as and for summer rye, sound and fit for seed, to be sown as aforesaid, for a valuable consideration paid to said defendant; which said rye was at the time of said sale not summer rye, but winter rye, and totally unfit to be sown for the production of a crop as aforesaid, which the said defendant then and there well knew, and so the plaintiff lost his said crop of rye, and was thereby greatly injured, &c.

The plaintiff proved that he called at the defendant's store, and asked him if he had any good seed spring rye, and he said he had, and sold him two bushels for $1,50 per bushel, as seed spring rye, the plaintiff examining the rye at the time of the purchase.

The rye purchased, was winter rye, and was valueless to the plaintiff. But there was no evidence that the defendant knew that the rye sold, was an article differing in kind from that for which it was sold.

The plaintiff's counsel contended, that as the defendant had undertaken to sell the rye for a specific purpose, and for a particular kind, and had undertaken to know and represent its kind, it was unnecessary to prove the *scienter*, though alleged; and that, if there was a special warranty, the plaintiff ought to recover without proof of *scienter* ; and that the sale with the description and representation, that the rye was spring rye, made at the time of sale, with the other circumstances, constituted a warranty and was evidence of a warranty; and that if there was a latent defect in the kind of the seed, which could not be discovered by inspection, the examination by the plaintiff did not affect his right to recover, and requested the Judge so to instruct the jury.

The Judge declined to give the instructions requested, but told the jury, that if they were satisfied from the evidence, the defendant did in fact sell the rye, and at the time of the sale expressly warranted it to be summer rye, when in truth it was not such, the plaintiff was entitled to recover ; that they must determine from the evidence in the case, if there was a warranty that the rye sold, was summer rye ; and that representations honestly made as to the quality of the rye, when the plaintiff had an opportunity to examine the rye, and did so examine it before he purchased, would not be a warranty against latent defects, nor against deceit practised by previous dealers, through whose hands the rye had previously passed before it came to the hands of the defendant. Or that if they should find that the defendant knew the article sold was different in kind or species from what it was sold for, then the plaintiff was entitled to recover though there was no warranty.

The jury returned a verdict for the defendant.

*Gilbert*, for plaintiff.

1. The defendant sold the rye for a specific purpose, and since he had undertaken to know and represent the character

of the article sold, he was bound to make it good to the plaintiff, whether he knew what the kind of rye was or not ; and, therefore, it was not necessary to prove the *scienter*. Opinion of ABBOTT, C. J., Chitty on Contracts, p. 133, second American edition. *Jones v. Bright & al.* 5 Bingham, 533, cited somewhat at length in note, in Chitty on Contracts, p. 134 ; Stephens's Nisi Prius, p. 281, last paragraph ; *Ingersoll* v. *Barker*, 21 Maine, 474.

The description of the thing sold, given at the time of the sale, is an express warranty. *Hastings* v. *Lovering*, 2 Pick. 214 ; *Williamson* v. *Allison*, 2 East, 446. *Scienter* need not be proved. Stephens's Nisi Prius, p. 1281, 1286, 1289 ; *Bradford* v. *Manley*, 13 Mass. 139, sale of cloves by sample, warranty. Also, PARKER, C. J. on sale of cocoa, upon advertisement, same case. *Conner* v. *Henderson*, 15 Mass. 319 ; casks of stone and sand sold for lime.

In all these cases the warranty was a mere verbal, or informal representation, at or before the time of sale.

In *all*, the sale was without fraud or warranty, and I think, in some of them, there is nothing said about the *scienter*.

The action is rightly brought. The plaintiff had a choice of several forms. Stephens's Nisi Prius, pp. 1006, 1007, 1008.

In a late case, ABBOTT, C. J. observed, " that on the trial, it occurred to him, that if a person sold a commodity for a particular purpose, he must be *understood* to warrant it *reasonably fit and proper for such purpose ;* and that he was still strongly inclined to adhere to that opinion, but some of his learned brothers thought differently." Chitty on Contracts, pp. 133, 134.

*Hubbard*, for defendant.

The action is not on contract, but on deceit or wilful misrepresentation. The *scienter* must therefore be proved. *Dawding* v. *Mortimer*, 2 East, 450 ; Dane's Abr. vol. 2, chap. 62, art. 2, §§ 14, 16 ; Oliver's American Precedents, 336.

If plaintiff rely on express warranty, he must declare specially on it. Phil. Ev. vol. 2, pp. 78, 79 ; 2 Dane's Abr. chap. 62, art. 2, § 12 ; same, art. 4, § 1.

The action can not be sustained on plaintiff's evidence. *Stone* v. *Denny*, 4 Metc. 151; *Emmerson* v. *Bingham*, 10 Mass. 197.

The declaration does not allege that plaintiff was deceived. 2 East, 92; *Peake's Cases*, 226.

TENNEY, J. — It has long been regarded as settled in England and in this country, that the vender of personal chattels is not liable for defects of any kind, in the thing sold, unless there is express warranty or fraud in the seller. The case of *Chandler* v. *Lopus*, Croke James II, was where a goldsmith had sold to the plaintiff a stone, which he affirmed to be a Bezoar stone, for £200, and the stone was not of that kind; judgment was rendered for the defendant, because it was not alleged in the declaration, that the defendant knew it was not a Bezoar stone, or that he had warranted it as such. This case has not been approved by the Court in Massachusetts in its full extent. *Bradford* v. *Manley*, 13 Mass. 143. But upon the point involved in the case now under consideration, its authority is not questioned.

In *Dawding* v. *Mortimer*, in a note, 2 East, 450, which was an action founded in misrepresentation, or deceit, (not on warranty, assumpsit or contract,) it was declared, that the defendant sold to the plaintiff an article represented sound and perfect, which he knew to be unsound and imperfect, it was held, that the *scienter* must be proved. " Where there is no warranty, the *scienter*, or fraud, is the *gist* of the action." 2 Selw. 582, 583; *Stuart* v. *Wilkins*, Douglass, 20; *Oldfield* v. *Round*, 5 Vesey, 508.

The same doctrine is established in New York. *Seixas* v. *Woods*, 2 Caines, 48; *Snell & al.* v. *Moses & al.* 1 Johns. 96; *Perry* v. *Aaron*, ibid, 129; *Defreeze* v. *Trumper*, ibid, 274; *Holden* v. *Dakin*, 4 Johns. 421; *Davis* v. *Meeker*, 5 Johns. 354.

The decisions in Massachusetts have recognized also to the fullest extent a similar principle. In *Emerson & al.* v. *Brigham & al.*, 10 Mass. 197, SEWALL, J. says, " the rule has

always been, I believe, that an action of deceit, or an action of the case for a deceit in a bargain or trade, is maintainable only when the deception complained of, has been intentional on the part of the seller. The doctrine is affirmed in *Salem India Rubber Co.* v. *Adams & al.* 23 Pick. 256. Also in *Stone* v. *Denny*, 4 Metc. 151, where authorities are reviewed, and in other cases.

The manner of declaring, where the action is founded in deceit, has always been uniform ; the *gravamen* has been the *deceit*, and the *gist* of the action the *scienter*. But when there has been a warranty, and a breach of it has been the *gravamen*, the mode of declaring has varied. Mr. Dane, in his Abridgement, vol. 2, page 555, says, "Before the year 1770, or thereabouts, the practice was to declare in *tort*, that is, to state the *warranty*, and the breach of it as the *deceit* or *tort* ; and sometimes to join a cause of action in *trover*, considering the *wrong in violating the warranty*, as the *gist* of the action. The *warranty* was stated as the *inducement*, and the *breach of it*, a *deceit*, or wrong, and as the ground of the action. But as trover went out of fashion, and the money counts came more into use, it was found more convenient to declare in *assumpsit* on the *warranty* as a promise, and to consider the breach of it, as the breach of any other promise, and to join in the same declaration the money counts ; no doubt justified where there is a *real warranty*, or a real engagement or undertaking by the seller, the thing he sells is sound, his own, &c. But he expresses a doubt, whether this election to declare in *deceit* or *assumpsit*, in the same transaction, can be extended beyond an implied warranty; because if there be no warranty at all, but a mere deceit or fraud practised, it is clear that the action must be in *tort* ; and on the other hand, if an express warranty is given on the sale, and in that manner the seller secures the buyer, and upon his contract to answer in damages, it is a question, whether the buyer is not confined to his contract and bound to declare and take his remedy upon it, as upon any other express contract which he holds. In *Thompson* v. *Ashton*, 14 Johns. 316, it was holden, that to entitle one to re-

cover for a breach of a warranty, the action must be expressly founded upon the warranty. It is intimated in the case of *Salem India Rubber Co.* v. *Adams & al.*, before cited, that if the plaintiffs had declared upon an express covenant of warranty embodied in the contract, according to the old forms, relying upon such express warranty, and its falsity, that it would bar an action of assumpsit upon the same warranty, because the same evidence would support both actions, and the damages recovered in one, would be a satisfaction of those claimed in the other.

From the case relied upon by the plaintiff's counsel of *Jones* v. *Bright*, 5 Bing. 533, the Court did not, it would seem, regard the old form of pleading erroneous. That was an action sounding in *tort*, in the nature of deceit, to recover damages sustained by the plaintiff in the purchase of a quantity of sheathing copper, for a particular purpose, which was declared at the time of the purchase, manufactured by the defendants themselves, who were the sellers. The article was by no means such as was represented by the defendants. All imputation of fraud in the defendants, was disclaimed by the plaintiff, who was allowed to recover on the ground of an express warranty. Much reliance was placed on the ground, that the defendants were the manufacturers of the article sold. Park, J. in his remarks said, " I entertain no opinion adverse to the character of the defendants, because the mischief may have happened by the oversight of those whom they employ ; but on the case itself, I have no doubt, distinguishing as I do between the manufacturer of the article and the mere seller."

In the case at bar, under the instructions given to the jury, they must have found, that the express warranty was not proved. The declaration in the writ does not allege that there was an express warranty or any representation equivalent thereto. And as the plaintiff did not prove or contend that the defendant at the time of the sale of the rye, knew that it was not such as he sold it for, an essential ingredient in an action

sounding in *tort*, in the nature of deceit, is wanting. Such being the form of the action in this case, it can not be maintained upon the proof adduced.          *Exceptions overruled.*