## MAHURIN *v.* HARDING *& a.*

In an action on the case for deceit in the sale of a horse, the scienter is essential to be proved.

A declaration that the defendants, to induce the plaintiff to exchange horses, falsely and fraudulently affirmed their horse to be sound, when he was in fact unsound, as they well knew, whereby the plaintiff, giving credit to their affirmation, was induced to exchange, and so the defendants deceived and defrauded the plaintiff, is case for deceit, and not assumpsit on a warranty.

TRESPASS ON THE CASE. The declaration was as follows: In a plea of trespass on the case, for that the said J. & J. (defendants,) on &c., at &c., being possessed of one mare, of a dark brown color, which mare was unsound and infected with a bad and inveterate disease, commonly called glanders, which rendered the said mare good for nothing; and the plaintiff being then and there also possessed of another mare, of a bay color, of his own proper mare, of the value of $100 ; the defendants, to induce the plaintiff to exchange with them, did then and there falsely and fraudulently affirm to the plaintiff that their, the said defendants', mare was then well, good and sound, with the exception of " a slight touch of the heaves ;" whereupon the plaintiff, giving full credit to said defendants' said affirmation, was instantly induced to and did then and there deliver his said bay mare to the defendants in exchange for said defendants' brown mare as aforesaid ; and the said defendants did then and there deliver their said brown mare to the plaintiff in exchange for the plaintiff's said bay mare, and also did then and there give to the plaintiff one sucking colt, of the value of twenty dollars, and also gave to the plaintiff one joint and several note for thirty dollars, and one other joint and several note for five dollars, as boot between said mares. Now the plaintiff in fact says, that the defendants' mare aforesaid was not, at the time of the delivery, exchange and affirmation aforesaid, well, sound or good ; but that said mare was then and there infected with and labored under a bad and inveterate disease, called glan-

Mahurin *v.* Harding.

ders, as aforesaid, which made said mare utterly unfit for any service and good for nothing, and soon after died of the said glanders, as aforesaid; of all which the said defendants were then and there well knowing. And so the said defendants, by means of their said false affirmation, have greatly injured and defrauded the plaintiff, to his damage, &c.

Upon the trial on the general issue, the court instructed the jury that the plaintiff must prove that the affirmation was both false and fraudulent, that in this State the defendant is liable to arrest for a fraudulent affirmation, by which the plaintiff has suffered damage, but not for a mere breach of contract, and that in other respects the distinction between tort and contract is material and should be regarded, and therefore if they found that the defendants stated as a fact for the plaintiff to rely upon, that the mare was sound, (with the exception named in the writ,) and found that she was not sound; yet if the defendants made this statement in entire good faith, fully believing it to be true, they are not liable in this form of action; but if the affirmation was known, or believed, or suspected by them to be false, and the event proved that it was so, it should be deemed fraudulent.

The jury found a verdict for the defendants, which the plaintiff moved to set aside because of said instructions.

*Burns & Fletcher*, for the plaintiff.

*J. W. & G. C. Williams*, for the defendants.

BELL, J. The declaration in this case is in trespass on the case for deceit in a sale.

It is said in some of the books that assumpsit and case for deceit are in certain cases concurrent remedies for the same injuries in the sale of horses; and to some extent this is true.

Where a seller is chargeable upon an implied warranty of

title, or where he makes an express warranty, or makes such statements as to the quality of the article he sells as he intends the purchaser shall rely upon, and which in law constitute a warranty; (*Morrill* v. *Wallace*, 9 N. H. Rep. 111; *Whitney* v. *Sutton*, 10 Wend. 413;) *Cook* v. *Mosely*, 13 Wend. 277; while at the same time he knows them to be false, and intends by them to deceive and impose upon the purchaser, the buyer may seek his redress either by action of assumpsit upon his warranty, or by action of deceit for the fraud. *Stuart* v. *Wilkins*, Doug. 21; *Williamson* v. *Allison*, 2 East, 446; *Wallace* v. *Jarman*, 2 Stark. 162; *Wardell* v. *Davis*, 13 Johns. 325; *Cravens* v. *Grant*, 4 Mon. 126; 2 Stephen's N. P. 1285.

The warranty is none the less a contract because it is the means by which a fraud is accomplished, and the fraud is in no way diminished, because the seller has at the same time bound himself by a warranty.

But these remedies, though concurrent, and though they entitle the sufferer to the same measure of redress in damages, are by no means identical. The distinction between the two classes of actions, as being founded respectively on tort and on contract, is nowhere neglected or disregarded. There are substantial differences at common law, and, as remarked by the learned judge who tried this case, in his charge to the jury, the distinction is not merely formal, but in the present state of our law there is a substantial difference, which must not be overlooked. In tort, here, there is a remedy against the person, which ordinarily does not exist in actions on contracts.

The forms of declaring in these cases are substantially different. The declaration in assumpsit always states a consideration and a promise or warranty, and complains of a breach of the warranty. 1 Ch. Pl. 99; Saund. Pl. and Ev. 111; *Carley* v. *Wilkins*, 6 Barb. S. C. 557; *Edick* v. *Crim*, 10 Barb. S. C. 445. The contract to warrant, of the breach of which the plaintiff complains, and the entire consideration

for it, is indispensable to be stated. *Miles* v. *Sheward*, 8 East, 7; *Webster* v. *Hodgkins*, 5 Foster's Rep. 128.

In this action the allegations very often introduced, that the defendant intended to defraud, that he knew his warranty to be false, and that he thereby deceived and defrauded the plaintiff, are immaterial, and need not be proved. The defendant is bound to answer for his false warranty, whether he knew it to be false or not; whether he intended a fraud, or acted with entire good faith, and fully believed it to be true. *Denison* v. *Ralphson*, 1 Vent. Rep. 366; *Northcote* v. *Maynard*, 3 Keb. 807; *Anon.* Lofft, 146; *Gresham* v. *Postan*, 2 C. & P. 540; *Bayard* v. *Malcom*, 1 Johns. 453; 2 Johns. 550; *Case* v. *Boughton*, 11 Wend. 107; *Carly* v. *Wilkins*, 6 Barb. S. C. 557.

The declaration for deceit alleges that the defendant induced the plaintiff to purchase an article by a warranty or by statements *which he knew to be false,* and thereby deceived and defrauded him. *Evertson* v. *Miles*, 6 Johns. 138; *Case* v. *Boughton*, 11 Wend. 107; *Carley* v. *Wilkins*, 6 Barb. S. C. 557; *Edick* v. *Crim*, 10 Barb. S. C. 445. And this is all that is essential to be alleged. *Barney* v. *Dewey*, 13 Johns. 224; *Weeks* v. *Burton*, 7 Vt. Rep. 67. It is not necessary to make any allegation in relation to the consideration or the terms of the contract of sale, unless they happen to be connected with the fraud alleged, in that case, though if a party incautiously recites the particulars of such a contract, he may be compelled to prove them as he states them, and may fail if any material variance occurs in his proof. *Weall* v. *King*, 12 East, 452; *Jones* v. *Cowley*, 4 B. & C. 446; *Hands* v. *Burton*, 9 East, 349; *Morris* v. *Littlegoe*, 2 Smith, 394; *Blyth* v. *Bampton*, 3 Bing. 472; *Webster* v. *Hodgkins, ub. sup.*; *Hart* v. *Dixon*, 1 Sel. N. P. 104; 2 N. H. Rep. 291; *Barney* v. *Dewey*, 13 Johns. 224; *Corwin* v. *Davidson*, 9 Cow. 22; *Porter* v. *Talcott*, 1 Cow. 359.

But the intention to defraud, the knowledge that his warranty or his statements were false, and the fact that the

plaintiff was thereby defrauded, constitute, in cases óf this kind, the very gist and foundation of the action for deceit, and they must be proved, or the action must fail. *Spring-well* v. *Allen,* Aleyn, 91; *Parkinson* v. *Lee,* 2 East, 313; *Dowding* v. *Mortimer,* 2 East, 449 n.; 2 Stark. Ev. 266; 2 St. N. P. 1286; *Dale's case,* Cro. El. 44; *Turner* v. *Brent.* 12 Mod. 245; 1 Com. Dig. Action for Deceit, A. 8, A. 11, E. 4; *Evertsen* v. *Miller,* 6 Johns. 138; *Young* v. *Covell,* 8 Johns. 23; *Addington* v. *Allen,* 11 Wend. 375.

A seller may in good faith make statements as to the qualities of the articles he sells, believing them to be true, and intending that the purchaser should rely upon them, either in the form of explicit warranties, or of such representations as in law constitute warranties, and the purchase may be made in reliance upon their truth; but the seller is guilty of no fraud or deceit, for bad faith and a design to deceive are essential elements of every fraud, or deception; and though he may be liable upon his warranty, yet no action, founded on fraud or deceit, will lie in such case.' *Stone* v. *Denny,* 4 Met. 151; *Rubber Co.* v. *Adams,* 23 Pick. 256; *Emerson* v. *Brigham,* 10 Mass. Rep. 197; *Kingsbury* v. *Taylor,* 29 Maine Rep. 508; *Hazard* v. *Irwin,* 18 Pick. 95; *Shrewsbury* v. *Blunt,* 2 M. & G. 475; *Freeman* v. *Baker,* 5 B. & Ad. 797; *Page* v. *Bent,* 2 Met. 371.

It is on this principle that it has in many cases been made a serious question, what form of allegation was sufficient distinctly to express this charge. *Chandler* v. *Lopus,* Cro. Jac. 4; *Medina* v. *Stoughton,* 1 Salk. 210; *S. C.* 1 Ld. Ray. 593; *Leakins* v. *Chissell,* Sid. 146; *Northcote* v. *Maynard,* 3 Keb. 807; *Cross* v. *Garnett,* 3 Mod. 261; *Warner* v. *Tallard,* Rolle's Ab. 91; *Elkins* v. *Tresham,* 1 Lev. 102; 1 Bac. Ab. 80; *Bayard* v. *Malcom,* 1 Johns. 453; 2 Johns. 550; *Lysney* v. *Selby,* 2 L. Ray. 1118; *Harding* v. *Freeman,* Sty. 310; *S. C.* 1 Rolle's Ab. 91; 1 Com. Dig. Action for Deceit, F. 3, E. 4.

If by the exercise of some ingenuity a declaration could

be drawn in such a form that it may seem doubtful whether it is designed to be founded on tort or on contract, and not entirely defective if regarded as either the one or the other, yet it must be held to be founded either in tort or on contract. It cannot be considered as having a double aspect or character, or being either the one or the other, as the exigencies of the case may from time to time happen to require. To allow it such a double character would be contrary to the whole theory of the common law, and would make it a perfect anomaly in legal proceedings.

In former times, the more usual form of declaring in actions upon a false warranty, was in case for deceit, in which it was more commonly alleged that the defendant *warrantizando vendidit* an article as sound, well knowing that it was not so, though declarations in assumpsit were not uncommon. (2 Inst. Cler. 227; *Butterfield* v. *Burroughs*, 1 Salk. 211;) nor declarations in case without *warrantizando vendidit*, *Firnis* v. *Lancester*, Cro. Jac. 474; *Roswell* v. *Vaughan*, Cro. Jac. 195; *Cross* v. *Garrett*, 3 Mod. 261; *Kendrick* v. *Burgess*, Mo. 126.

In *Williamson* v. *Allison*, 2 East, 445, in 1802, in a declaration upon a *warrantizando vendidit*, it was expressly held, that the declaration was in case for deceit, but that by striking out the averment of the *scienter*, the action might still be maintained in tort, and therefore the *scienter* was not necessary to be proved. It seems to have been decided upon the authority of a *nisi prius* ruling in a case, where it did not appear whether the action was on contract, (where the ruling would have been right, but no authority for the case in hand,) or in tort; and it was conjectured it must have been in tort, because such was then the more common form of declaring.

This decision seems to have been since followed in some cases in England. *Gresham* v. *Postan*, 2 C. &. P. 540; and is cited in most of the elementary English books on the subject.

Mahurin *v.* Harding.

It has been followed in Vermont and some of the other States, and has been made the basis of a theory that in actions for deceit in the sale of personal property, if an express warranty is proved, it is not necessary to prove the *scienter*, or any allegation that the false warranty or affirmation was made with any design to deceive. But this idea is not supported by the decision in *Williamson* v. *Allison*, which is expressly limited to a declaration upon a *warrantizando vendidit.* See 3 V. Rep. 53; 10 Vt. Rep. 457; 17 Vt. Rep. 583.

The English case is without authority here, and seems to us entirely unsupported by any authority at common law. And it seems to us entirely inconsistent with the doctrines of the common law to hold that an action for deceit can be sustained without evidence of the intention to deceive. It would be unjustifiable to hold that a man may be imprisoned on execution in an action for a tort, where a court should hold no proof need be produced but of an express contract. In the case of *Crooker* v. *Willard*, (Sullivan, July Term, 1851,) (See note,) it was held, that a count alleging a deceit

---

(NOTE.)

CROOKER *v.* WILLARD & *a.*

Counts in deceit and assumpsit cannot be joined.

A count alleging that " defendant, by fraudulently warranting his horse to be sound, knowing him to be unsound, defrauded the plaintiff," &c., is a count in tort for deceit.

The gist of the action is the fraud, and it must be alleged and proved.

A count alleging that in consideration, plaintiff would buy of defendant a horse, defendant warranted or promised he was sound, and alleging a breach of contract in that the horse was not sound, is a declaration in assumpsit.

The declaration was as follows:—

In a plea of the case for that the plaintiff, on, &c., at, &c., at the defendants' request, bargained with the defendants to exchange with them a certain mare of the plaintiff's for a certain mare of the defendants', and said plaintiff paid as boot the sum of five dollars to said defendants, by his, the plaintiff's note of that

in a sale in the same form as in *Williamson* v. *Allison*, could not be joined with one on contract, so far, agreeing with that case.   But that decision is entirely irreconcilable with the case of *Vail* v. *Strong*, 10 Vt. Rep. 457, that such a de-

date; and the defendants then and there well knowing said mare to be unsound, by then and there warranting said mare to be sound, falsely and fraudulently exchanged said mare for said mare and note of the plaintiff, whereas the said mare was then and there unsound, and of no value, whereby the defendants deceived and defrauded the plaintiff.

And also in a plea of the case for that on, &c.. at, &c., in consideration that the plaintiff, at the special instance and request of the defendants, had delivered to the defendants a certain mare of him, the plaintiff, of great value, and had also paid to the defendants the sum of five dollars, by the said plaintiff's note bearing date, &c., in exchange for a certain mare of the defendants', the defendants then undertook and faithfully promised the plaintiff, that the said mare, at the time of such exchange, was sound, yet the defendants contriving to injure the plaintiff, did not regard or perform their said promise or undertaking, but thereby craftily deceived the plaintiff in this, that the said mare, at the time of said exchange, was not sound, but was at that time unsound, of which unsoundness the said mare shortly afterwards died, and thereby became of no use or value to the plaintiff.

To this declaration there was a special demurrer and joinder; the cause assigned being " that the plaintiff hath in his said declaration joined a count in tort or trespass on the case, and a count in assumpsit, where by the law of the land the plaintiff ought to have declared in separate writs and declarations, and not in one writ and declaration only."

*Crooker*, for the plaintiff.

*Metcalf* and *Corbin*, for the defendants.

BELL, J.   This is a demurrer for misjoinder of counts.   It is alleged, that the first count is in tort, trespass on the case, and the second a count in assumpsit on contract.   It is well settled that counts for torts and upon contracts cannot be joined at common law, which is the law here.   1 Ch. Pl. 199;  *Wilson* v. *Marsh*, 1 Johns. 503 ;  *Stoyel* v. *Westcott*, 2 Day, 418 ;  *Church* v. *Mumford*, 11 Johns. 479 ; 2 Wms. Saund. 117 c. note; *Denison* v. *Ralphson*, Vent. 365 ; *S. C.* 2 Show. 250 ; Skin. 66.

The first count is clearly a good count in trespass on the case.   It alleges a bargain for an exchange of horses, and that the defendants, knowing their horse to be unsound, by warranting its soundness, fraudulently exchanged, &c., whereas the horse was unsound, &c., whereby they deceived and defrauded the plaintiff. This is a good count for deceit, and in the usual form.   2 Ch. Pl. 276–7 ; Prec. Dec. 191 ; 2 Went. Pl. 127 ; 8 Went. Pl. 336 ; *Richards* v. *Simonds*, 3 Wils. 40.

---

Mahurin *v.* Harding.

---

claration has a double aspect, which makes it join well with assumpsit or trover. And the same view of such a declaration was taken in *Webster* v. *Hodgkins,* 5 Foster's Rep. 128. With those decisions we remain entirely satisfied.

The present case has a declaration framed upon a different principle. It could not be supported as a declaration on a warranty, on any idea of rejecting the allegations importing a charge of fraud, if the cases referred to were not questioned.

---

It is in the ancient and settled form, long used before it became a usual practice to declare in assumpsit for the breach of a warranty. *Williamson* v. *Allison,* 2 East, 449.

It has none of the requisites of a declaration in assumpsit. "The declaration in this action must invariably disclose the consideration upon which the contract was founded, the contract itself, whether express or implied, and the breach thereof, and damages." Saund. Pl. and Ev. 111; 1 Ch. Pl. 99; Bac. Bb.; Assumpsit, F.

In this count none of these things are stated, the gravamen alleged is not the breach of any promise, but the deceit practised upon the plaintiff, by which he was induced to exchange his horse for a worthless animal.

The second count distinctly alleges a consideration, promise and breach ; "in consideration that the plaintiff, at the request of the defendants, had delivered to them his mare and note for $5, in exchange for a mare of the defendants, they undertook and promised the plaintiff that said mare was sound, yet they did not perform or regard their promise, but deceived the plaintiff in this, that the mare was not sound," &c.

This count seems to have been framed upon a count given in the Precedents of Declarations, p. 190, *in case upon promises.* It is almost identical with the forms in assumpsit. 2 Ch. Pl. 101, 102 ; Prec. Dec. 164; 3 Went. Pl. 153, 154. It is in the form in *Stuart* v. *Wilkins,* Doug. 18, where this count was joined with counts for money paid and for money had and received, and it was there held a good count in assumpsit.

It has all the requisites of a good count in assumpsit. As a count in tort it is entirely defective. There is no allegation that the warranty was falsely or fraudulently made, or that the defendants, at the time of the sale, knew the mare to be unsound. These allegations are essential to be made and to be proved, in an action for deceit. 2 Sel. N.P. 581; 2 Dale's Case, Cro. El. 44; *Chandelor* v. *Lopus,* Cro. Jac. 4; *Springwell* v. *Allen,* Aleyn 91; *Dowding* v. *Mortimer,* 2 East, 450, n.; *Parkinson* v. *Lee,* 2 East, 313; *Evertson* v. *Miller,* 6 Johns. 138; *Young* v *Covell,* 8 Johns. 23; *Addington* v. *Allen,* 11 Wend. 375.

*Judgment for the defendant.*

On motion of the plaintiff, leave to amend was granted.

Mahurin *v.* Harding.

It sets forth, that the defendants being possessed of a horse, which was unsound, and the plaintiff of another, of value, the defendants, to induce the plaintiff to exchange with them, did falsely and fraudulently *affirm* to him, that their horse was sound, and the plaintiff giving credit to their affirmation was induced to exchange, and did so, whereas the defendants' horse was not sound, &c., which they well knew, and so the defendants, by their false affirmation, have greatly injured and defrauded the plaintiff.

This is a common form of declaring in case for deceit. It has no feature of a declaration in assumpsit. It contains no promise, nor undertaking, nor consideration for any. It complains of no breach of any contract, or warranty. It does not even speak of any warranty. Its gist and substance is that the defendants, by their false and fraudulent affirmation, have defrauded the plaintiff, and not by any breach of contract. Assuredly no court could hold that such a declaration was proved by any evidence which did not establish the fact of fraud, of an intention to deceive, carried into effect by statements known to be false.

As, then, the allegation that the defendants well knew their horse to be unsound, was essential to be inserted in the declaration, either in direct terms, or in expressions of equivalent import, and necessary to be proved, the charge of the court below was entirely correct, and there must be,

*Judgment on the verdict.*